Call the next case please. Good morning, your honors. May it please the court. Counsel, my name is Jason Higginbotham and I represent Defendant Appellant Lovell Billups in an appeal from a conviction of first degree murder. Your honors, I'd like to reserve three minutes for rebuttal afterwards. Your honors, Lovell Billups has raised two arguments in his brief. First, that the trial court improperly refused to give a second degree murder instruction and second, that the state did not disprove his self-defense claim beyond a reasonable doubt. Counsel, I do want to interrupt you right now because there is a recent case and I don't know whether you've cited it, People v. Malvin Washington, presenting virtually the identical issue. Yes, thank you, your honor. You're familiar with it? We've become familiar with it after we filed our briefs and we will be filing a motion to cite additional authority. Good to know. Would your honors like a recitation of the facts? On this. Your honors, this appeal centers on two issues, the right to a fair trial and the right to self-preservation. Lovell Billups was deprived of a fair trial when the trial judge refused to issue a second degree murder instruction despite the fact that Illinois law clearly states that whenever a self-defense instruction is given, a second degree murder instruction must also be given. Stop right there. Don't you think that sort of rule, hard and fast, no flexibility, is sort of against what courts do generally? Don't we normally look to the facts and let the facts drive our decision as opposed to setting down a rule that says once self-defense is raised, you've got to give a second degree murder instruction? Your honor, the rule actually allows for more flexibility because it gives the jury a second option. Let me ask you this. Do you think of a case where the defendant doesn't want a second degree murder instruction because his self-defense claim is so clear and he doesn't want an opportunity for the jury or the trier of fact to compromise. He wants it all or nothing. And would the state at that a second degree murder whenever self-defense is raised? I think the state has the right to say that and I think that in all situations. Do you think the defendant in a situation where his self-defense is, I didn't have the gun, I struggled with him and he was shot by his own gun, do you think he'd want the second degree? Respectfully, your honor, I don't think it's for the defendant to decide what he wants. Do you think that would be an issue on appeal if he were found guilty of first degree? I don't, your honor, because I believe that reasonableness and the Illinois law clearly states that reasonableness is a factual question solely reserved for the jury. The trial judge is only supposed to determine whether there's evidence presented at trial that demonstrates the defendant had a subjective belief that the use of deadly force was necessary. So what do you need for a second degree murder instruction to begin? Or what's the issue on a second degree murder instruction? A second degree murder instruction involves both a subjective belief by the defendant that he needed to use deadly force and also the jury's finding that that was an unreasonable subjective belief given the circumstances. And in the situation of Lockett, what was the unreasonable belief by the defendant in that case? The unreasonable belief in that case was the fact that the victim only had a bottle, which the state argued would have created an unreasonable belief that the defendant needed to defend himself. Right, so the unreasonable belief was that the bottle was a gun. Yes. Would you accept that? I would accept that. What's the unreasonable belief in this case? Well, as the defense argued during the jury instruction conference, there was evidence that may have led the jury to believe that LaBelle's subjective belief was unreasonable. However, Lockett clearly states that it's not for the trial judge or the trial court What would the argument have been to the jury that here we're dealing with an unreasonable belief on the part of the defendant and the unreasonable belief is this? What is this? Respectfully, Your Honor, I don't believe that that would be an argument that would need to be made to the jury because I believe that Illinois law is clear. Once there's evidence that a defendant has a subjective belief that he needs to defend himself, the jury is then supposed to decide whether that belief was reasonable or unreasonable. So it's not for the defense to make an argument as to why the belief may have been reasonable or unreasonable. The defense is only supposed to present evidence that there was a subjective belief. Then the jury determines whether that was reasonable or unreasonable. Now, Your Honor, the Illinois Supreme Court case of Lockett is clear. Whenever there's any evidence of a subjective belief, the judge must give both a self-defense and a second-degree instruction. Why didn't the judge do that in this case? During the jury instruction conference, the judge believed that there was no evidence presented that would lead a jury to determine that Lavelle Belles had an unreasonable subjective belief. What authority did the judge rely on? The judge relied on Anderson, which is the main case stated in the state's brief. And this very court has stated, in the case of People v. Washington, that Anderson is an average... I don't know that you can cite it unless counsel will acknowledge the Washington case itself because if you didn't cite it in your brief, it's not really... But let's just discuss Washington. So Anderson was written by Justice Gordon, involving a trial judge that is now... A trial judge that, like the trial judge here, said, second-degree murder doesn't apply, I'm not going to instruct. And the court in Anderson said the judge didn't err, but if he did err, it was harmless beyond a reasonable doubt. But curiously enough, the trial judge in Anderson is now an appellate court judge. That was now Justice Tumen. So you have two now justices of this court that said that second-degree murder doesn't necessarily always follow the giving of a self-defense instruction to a jury. Why is that wrong? Well, with all due respect to the judge who rendered that opinion, Anderson doesn't provide any exceptions to the rule that whenever a self-defense instruction is given... Anderson... Let me stop you there, because that's another curious thing, because ordinarily, courts decide issues based on the facts that are presented by the case. And you don't try to decide future cases, although it happens on occasion, and it appears that it happened in Lockett when the Supreme Court inserted that language that you're relying on, that it always seems to follow, one always seems to follow the other. But in Lockett itself, the facts certainly demonstrate that there could have been an unreasonable belief by the defendant that the individual was going for a gun and not a whiskey bottle. Well, Your Honor, the issue of reasonableness is necessarily something a jury must determine when it gets a self-defense instruction. Reasonableness is an element of self-defense. If a jury finds that a defendant's subjective belief of the use of deadly force is reasonable, then it has the option of determining that that defendant acted in self-defense. So the question is presented regardless. And if a jury decides for some reason that the subjective belief is unreasonable, it should be able to render a verdict consistent with its findings, in which case it should have the option of rendering a second-degree verdict. So why would they rely on as being unreasonable in the facts of this case? You started to answer that, but I didn't hear that. Right. Well, in this case, there were a couple of things that the defense had argued may have been evidence of unreasonableness. I would still go back to my original point that it's not for us to determine what might have been unreasonable or reasonable, because that is purely a jury question. But the defense did argue that perhaps the jury may have looked at the third shot as being unreasonable in light of the circumstances surrounding the struggle between Lavelle and Thompson. But wasn't it the third shot that really indicated that this could be harmless error? Isn't the third shot really what might have sunk your argument? I think the question of whether it's harmless error is undermined by the fact that there's a vast difference between the offenses of first-degree and second-degree murder in terms of the potential sentences and some of the things that may result as a result of those things. And to say that not giving a second-degree instruction is harmless error I think very blatantly ignores the fact that a second-degree verdict as opposed to a first-degree verdict may have carried a much lesser sentence than Lavelle's current sentence of life in prison. And if the jury had been able to determine that the subjective belief was unreasonable, then it would have at least had the option of rendering a second-degree verdict as opposed to the first-degree verdict. That wasn't available in this case, and for that reason, Lavelle was deprived of a fair trial. Now, both the trial judge and the state conceded and agreed that a self-defense instruction was appropriate during the jury instruction conference. There was no question as to whether there had been some evidence presented at trial. And what was that evidence? The evidence was Lavelle's testimony. And once the defendant testifies and once the defendant claims self-defense, can you even imagine a situation where a self-defense instruction wouldn't be given? No, but at the same time, Your Honor, it's for the jury to decide whether in light of the situation the defendant describes, that subjective belief was reasonable. So if for some reason a defendant testified that he believed he needed to defend himself, yet the circumstances and the facts dictated that that was unreasonable, the jury would still have the option of deciding that that subjective belief was unreasonable. But from what you've said so far, the jury would basically have to decide it entirely on its own without any argument by defense counsel as to what was really unreasonable in this case. I think that Lockett says that that's what the jury is supposed to do. The jury is supposed to determine whether the facts dictate that that subjective belief was reasonable or unreasonable. Additionally, Lockett holds that only the jury and not the judge should determine whether the subjective belief was reasonable. And in this case, the trial judge improperly made a determination as to the reasonableness of Lavelle's subjective belief by stating that he believed that the state was asking him to determine which of the shots may have been reasonable or unreasonable, which is a misinterpretation of the language of Lockett. For this reason, the defense argues that Lavelle was deprived of a fair trial when the court refused to give the second degree instruction. Now as to the second issue, which is Lavelle's self-defense claim, self-defense is based on the defendant's state of mind and the extenuating circumstances at the time of the incident. It's based on his reasonable subjective belief that he needs to use deadly force to defend himself. That's a much heavier burden on the part of the defendant to meet, isn't it? We're talking about a factual question to be resolved by the prior fact. You're basically arguing that as a matter of law, the facts in this case, the judge should have granted a directive finding. Well, what we're arguing, Your Honor, is that Lavelle clearly established that he acted in self-defense. He met all the elements of self-defense through his testimony. And then the question is whether the state at least eliminated one of those six elements beyond a reasonable doubt. And if it defeated one of those six elements, then the self-defense claim itself is defeated. That's correct, Your Honor. What of Dante's testimony? If the jury found Dante credible, isn't that enough to defeat at least one of those elements? If the jury found Dante credible, that would defeat the element, but at the same time, Dante's testimony was called into question by the fact that in order to corroborate Lavelle's story, he would have had to implicate himself as being involved in an illegal transaction. So the burden had shifted to the state to disprove one of the elements. You understand that argument, that that argument is saying that he's willing to sacrifice his brother to save himself. Unfortunately, that appears to have been what happened. And because the burden had shifted to the state, and the state did not disprove Lavelle's self-defense claim beyond a reasonable doubt, in addition to proving a first-degree murder claim, we believe that the trial court improperly convicted Lavelle of a first-degree murder, and as a result, he should be granted a new trial, or his conviction should be reversed. I do want to add a brief thank you to your firm for taking on this case. Thank you. Good morning, Your Honors. My name is Myles Kelleher on behalf of the people of the state of Illinois. Mr. Kelleher, this is a recording device. It's not a microphone. Please keep your voice up so we can all hear you. Mr. Kelleher, why would your office object to giving a second-degree murder instruction in this case? What possible harm is it to your office if the jury was instructed on second-degree murder?  Well, let's clear up the basics. Before you could even get the second degree, the state has to prove beyond a reasonable doubt that he committed first degree. True? Yes. So you tell me what the harm is after the state has proven first-degree murder beyond a reasonable doubt. Because had the jury been instructed on second-degree murder in this case, there would be the possibility that the defendant could have been convicted of second-degree murder when the evidence that was presented in this particular trial would not have supported a conviction. That's what juries do. They look at the evidence and they make their decision based on the evidence. What argument could you have imagined the defense have made in this case to support a second-degree murder conviction? Can you think of one? The defendant chose his theory of the case. His theory was that the victim pulled out a gun, tried to rob the defendant and his brother, and that the defendant and the victim tussled over the gun. The defendant managed to pull the gun away from the victim and then use that gun to fire several shots in self-defense. That was the defendant's theory. He never suggested that he may have been acting under some mistaken belief as to the nature of the object allegedly in the victim's hand. That's the question. If he never testified to any kind of mistaken belief, where is the harm in giving the second-degree murder instruction? Unless you think the jury is just going to cut this guy a break just because they can't. The law is well settled that a second-degree murder instruction should not be given. I thought it was well settled from Lockett, where Lockett says, if you give a self-defense instruction, you should give, or you must give, one of those two, a second-degree murder instruction. Isn't that what Lockett holds? Lockett never imposed a per se rule that would apply to all possible factual scenarios. Lockett said that you should give such an instruction. That's not the language of Lockett, though. The language of Lockett suggests must, doesn't it? No. Lockett used the word should. It could have used the word must if it wanted to, but it wisely realized that there could be factual scenarios that it had not imagined at the time. I thought that's what the Supreme Court said, that it couldn't imagine. Isn't that what should means? At the time, the Supreme Court didn't imagine it because it was focused on a very different set of facts. It was focused on a situation where there was a question as to the subjective belief of the defendant as to the nature of the object in the victim's hands. In Lockett, you had the situation where the victim reached into a cart, pulled up, in the defendant's own words, to the police, it was something brown. He told the police that he thought that it was a gun, but he never stated that he actually saw a gun. It was only at trial that he said that it was a gun. And then the defendant in Lockett pulled out his own gun, shot the victim. Turns out that the victim in Lockett never had a gun. It was a whiskey bottle that apparently the defendant possibly may have mistaken for a gun. So in Lockett, there was a question that isn't present in this case. And the question in Lockett was whether the defendant had a reasonable subjective belief as to the nature of the object in the victim's hand. Whether the defendant reasonably believed that it was in fact a gun. That question wasn't before the jury here. It wasn't because the defendant was unequivocal as to the defense that he set forth in the trial here. His defense was that the victim had a gun, he pulled the gun away from the victim, and shot that gun at the victim in self-defense. So there is only one question here for the jury to decide. And that was whether they believed the defendant's version of events. So when the testimony was, clarify this for me, that he had the gun all along, who was the he? Was it that the victim had the gun all along, or that the defendant had the gun all along? The defendant's theory of the case was that the victim, Charles Thompson, had the gun in the first place. Yes, it was only that the victim had the gun all along. Not that the defendant had the gun. Yes, that is the defendant's theory. What did Dante say? Didn't Dante attribute a statement to the defendant that the defendant said, well when Dante asked, where did you get the gun, because they had just been searched by the police, he says, Billups that is, says that I had the gun all along. So the statement is attributed to the defendant, not to the victim, true? Yes. The evidence that the victim had the gun was entirely based on the defendant's testimony only. There was no other evidence. Did Dante testify that the defendant had the gun all along? Or did Dante say, yes or no question? That the victim had the gun all along. Never mind. Dante testified that he was sitting in the van listening to music. He didn't know what was going on. Dante testified that after they got back to the Corona residence, and Dante kept asking the defendant what had happened, the defendant never mentioned anything about an armed robbery, but then Dante told the defendant that he had had the gun all along. That he, the defendant, had had the gun all along. So the defendant's statement to Dante is entirely inconsistent with the defendant's theory of self-defense, that he had grabbed the gun away from the victim. There was only one gun in this case, and it boiled down to credibility determination. Did the jury believe the defendant's version of events, or did the jury believe the evidence presented by the state? If the jury believed the defendant's version of events, then it could have... What you're saying is that really there is no middle version of the facts. It's either the state's or the defendant's pure claim of self-defense, I never had the gun, the guy had the gun, I took it from him and shot him in the course of the struggle. But there is no unreasonable belief version of the events that would trigger a second-degree murder instruction. Yes, Your Honor, that is what I'm saying under the particular facts of this case. Now on Lockett, there was that middle ground. These cases have to be decided on a case-by-case basis, based on the facts that are presented at trial by the people and the defendant. I don't see the wiggle room in Lockett. I don't see that flexibility in Lockett that you just finished stating, that it had to be decided on a case-by-case basis. I thought Lockett said that if it's self-defense, then it's second-degree. Lockett... Anderson and also People v. Rice found that Lockett was not so encompassing. I hate the interruption, Counselor, and my apologies, but I think Justice Hall's comment needs to be addressed. And I agree with her completely that the language in Lockett is far more unequivocal. But the facts of Lockett, that's different. The facts of Lockett does present that middle unreasonable belief scenario. That is, he thought when the guy said, oh, yeah, I'm going to get something to force you to leave, he goes to the cart and pulls out a brown object that the defendant believes to be a gun, and it's that unreasonable belief that he was pulling out a gun that triggered the defendant's actions in pulling out his own gun and shooting him. So in Lockett, there is that middle unreasonable belief set of facts. Yes, in Lockett, there was an additional question that wasn't present in the instant case. In Lockett, there was a question of whether the defendant had a reasonable subjective belief that the brown object was actually a gun. And then the next question was whether it was reasonable for the defendant to fire his own gun at the victim. Here, there's absolutely no evidence suggesting that the defendant was acting under some type of mistaken belief that the victim had a gun. It was the defendant's theory that he set forth that the victim had the gun. The defendant was unwavering as to his theory of the case. This is what he told the police after the offense. This is what he testified to at trial. He said the victim pulled out a gun, robbed the defendant, took money from him, even robbed the defendant's brother, Dante, took money from him. Then they tussled over the gun and the defendant managed to pull the gun away and shoot the victim in self-defense. That extra question that was present in Lockett isn't present in this case. The trial judge here determined, using his discretion, which the Supreme Court never attempted to take away in Lockett, that there has to be some evidence in the record that would warrant an instruction for second-degree murder. In this case, the trial court properly determined that there wasn't evidence in the record here, unlike in Lockett, where there was evidence. This case is factually similar to Anderson, which reached a similar result. We've had two decisions since Lockett. Are you going to file a brief on Washington? You know Washington goes the other way and calls Anderson an aberration. I am somewhat familiar with Washington. I know it wasn't cited in the defendant's reply brief and there wasn't a motion to cite additional authority. However, it's our position that Washington didn't interpret Lockett properly and the proper interpretation would. I just would add that the facts are different, too. There were two guns present in Washington, unlike in the instant case where there's only one gun. These cases have to be examined on a fact-by-fact basis. That's the role of the trial judge. The trial judge has a lot of discretion. The Supreme Court in Lockett never intended to strip away that discretion, although at the time it couldn't conceive of certain possibilities. It was focused on a very different set of facts. As far as I'd just like to address the harmless error argument, assuming arguendo that error did occur here, it would certainly be harmless because under the facts of this case it would not have affected the outcome of the case. The evidence was overwhelming here that the defendant committed murder and did not act in self-defense. Aside from the defendant's own statements, there was nothing to support his self-defense theory. After the shooting, Dante was asking him, well, what happened? Let me ask you about the condition of the victim at the time that he was discovered. Do you recall the condition? Yes. The condition was that the first person to discover him, a witness driving home, discovered a witness face down in the alley. With? What was the condition of his pants? His pants were down halfway. Which would be consistent with the intent to get out of the van to urinate, which the defendant never testified to. No. It's also significant that the defendant had a gunshot wound to the back of his head, a contact wound where there was a muzzle impression, gunshot residue inside his scale, suggesting that the defendant was, at least one of the shots, was shot directly at the back of the victim's head when he was already face down on the pavement. And the defendant testified that he didn't shoot him in the back of the head, right? No. The defendant's testimony was that he shot him in the top of the head. That's correct. In addition to the defendant's statements to Dante, he never mentioned a robbery to Dante. Dante never testified that there was a robbery. And moreover, the defendant testified that he had the gun the whole time. And even... The defendant testified that he had the gun the whole time. Dante testified that the defendant told Dante that he had the gun the whole time. And then, when they get back to the Coroma residence,  he wanted to get the fingerprints off the gun. He used a towel. He didn't want anything connecting him to the offense. These are all actions of someone who was not acting in self-defense. These are actions of a defendant who wants to quickly flee the scene, cover his tracks, get the evidence off the gun. This is clearly not a self-defense case, and the evidence was overwhelming that this was not a self-defense case. So we have a situation where even if the jury had been instructed on a second-degree murder, if that had been given to this jury here, there's no reasonable probability that the outcome of the trial would have been any different here. Unless they believe the defendant, which the jury has the option to do. And then how could it possibly be harmless error not to have a second degree in light of the significant variance in the penalties? If the jury believed the defendant's version of events, then the defendant should have been found not guilty, because he would have been justified in doing what he said he did. And the jury always had that option. And we always describe juries in a certain way. Don't we always describe them as reasonable? And in this case it would be unreasonable to believe the defendant in contrast  Yes, Your Honor, that's absolutely correct. If you believe the state, as opposed to the jury, to the defendant. Well, the jury had the ultimate decision here. They were to try our fact. They could make the credibility determinations and assess the evidence. And they chose not to believe the defendant's version of events. But they had no second degree before them. So that wasn't part of the option. That wasn't one of the options. I think Justice Hall is asking you what the defense theory would be for an unreasonable belief. Do you have one? For the jury to have found a second degree? Had the defendant here set forth a defense similar to that and mocked it, the defendant could have said I saw that victim. But is there one in this case? No, not at all. Not even slight evidence. So if there's no evidence to support second degree, how could the jury have found second degree? That's exactly correct. And it could lead to a bizarre situation where the defendant could be found guilty of second degree. Which brings us back to the original point. My original point, anyway. What was the harm in giving second degree if there was no evidence to make it a realistic option for them? First of all, it would be contrary to well-settled case law. All right, that's good enough. Thank you. What was the bizarre situation that you were about to reference which would lead us to a bizarre result? Say a second degree instruction had been given in this case and the jury did find the defendant guilty of second degree murder. Then you could have the potential situation where the defendant could appeal that conviction saying there was no evidence of second degree murder, raising a reasonable doubt. That would be foreclosed, wouldn't it? If he asked for it, he's stuck with it. Right, but we would still have a situation where we have a conviction that's not supported by the evidence presented at trial. Obviously the law, that would be contrary to settled law. But it's not appealable, is it? Except by the defendant? I'm sorry, it's not. If he were found guilty of second degree, it wouldn't be appealable except by the defendant. Even then it would be foreclosed because he asked for second degree and he can't claim his own error as a basis for the appeal. That certainly would be our argument, yes. Anything else? Just as far as a reasonable doubt, based on the facts I presented, a rational trial certainly could have found that the state had proved the elements of murder beyond a reasonable doubt and had proved that the defendant did not act in self-defense. For all these reasons as well as those contained in our brief that people respectfully requested, this honorable court affirmed the defendant's conviction and sentence for first degree murder. Thank you. Thank you, your honors. Just very briefly, with regard to Dante's testimony about Lavelle having the gun the whole time, Lavelle, Dante, and Charles Thompson were all pulled over by Chicago police officers approximately an hour and a half to two hours prior. They were extensively searched. No firearms were found. So what does that mean, counsel? That the gun materialized on its own? Somebody had to have had the gun. The gun had to have come from somewhere. Well, according to Lavelle's testimony, your honor, when they stopped at the Caroma residence prior to driving off to the alley, Charles Thompson disappeared around the block for at least 15 minutes, possibly 20, more than enough time to retrieve a gun if he knew someone in the area. The state has argued that there is no middle ground here that would lead a jury to find an unreasonable subjective belief. And while I still submit that that's not our duty to determine, because it's a jury question, that third shot could have possibly created the middle ground, which would have potentially led the jury to find second degree murder as opposed to first degree murder. And you'll concede that the trial judge dismissed that possibility of parsing out two shots as being reasonable and one shot as being unreasonable. I'll concede that the trial judge both performed an improper test by even making the termination in the first place. Let me ask you this. Just like in civil law, there is that summary judgment motion where a judge can rule as a matter of law that the case does not go to trial. There is that possibility in a criminal case, too, where the judge says, hey, the evidence simply doesn't support it. And that certainly falls within the discretion of a trial judge to say the instruction just isn't going to be given because there is no evidence to support it. But the trial judge is still bound by the precedent, which is unequivocal in Lockett. If there's any evidence of the subjective belief, we'll give both. So what do you think of the argument that we've heard today that Lockett is unequivocal in its language but wavering in its facts? I think that the language of Lockett presents the clear binding precedent. What about the facts of Lockett? I'm saying the argument of counsel, of your opponent, was that the facts of Lockett indicate that there was a middle ground which are not extant in the case at bar, in this particular case. Even though the language of Lockett is unequivocal, the facts of Lockett indicate that there was additional middle ground for the possible determination of second degree. Well, Lockett didn't say that where the facts create the situation that presents this middle ground, then you should give a second degree instruction. Even though the facts of Lockett may have created a middle ground, I would submit that our case also has a middle ground with regards to the three shots and the possibility that that third shot may have been deemed unreasonable by the jury. But as to the facts of Lockett and the holding of Lockett, Lockett doesn't say that the trial judge should determine whether there is this question of reasonableness. And the fact that the facts of Lockett are as they are doesn't detract from the fact that it still states whenever you have a subjective belief, whenever there's evidence of a subjective belief, you give both the self-defense instruction and the second degree instruction. To your honors, quite simply, this is an issue of fairness, and fairness dictates that the jury in this case should have been given the second degree instruction in order to have the option of rendering a verdict consistent with its findings. And for that reason, we again ask that you reverse Lovell's conviction or any alternative grant submitted to the trial. Thank you.